John Francis McCOURT, III

v.

T. J. CULKIN et al.

Civ. A. No. 76–3996.

United States District Court,
E. D. Pennsylvania.

July 25, 1979.

David Rittenhouse Morrison, Stassen, Kostos & Mason, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U. S. Atty., Alexander Ewing, Jr., Asst. U. S. Atty., Eastern District of Pennsylvania, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff instituted this habeas corpus proceeding to challenge his having been ordered to two years of active duty in the United States Navy in an enlisted status following his disenrollment from the Naval Reserve Officers Training Corps (NROTC) Program at Villanova University. Presently before the Court is defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted,[1] which the Court has treated as a motion for summary judgment because the following matters outside the pleadings have been presented to and not excluded by the Court:[2] the proceedings from the Board for Correction of Naval Records (BCNR) in the plaintiff's case, the Navy's administrative record for the plaintiff, and certain Department of Defense directives and Navy regulations. For the reasons hereinafter set forth, we will grant the defendants' motion for summary judgment, there being no genuine issue as to any material fact.

The undisputed facts can be summarized as follows: Plaintiff enrolled in the NROTC Program as a freshman at Villanova University in September 1972. On November 29, 1972, plaintiff executed a Contract Student (NROTC) Agreement, pursuant to which he promised to complete the NROTC Program, to accept a commission if one was offered, and to serve on active duty for an appropriate period of time after accepting a commission. The contract also provided that in the event the plaintiff failed to complete satisfactorily the requirements for commissioned grade, he could be ordered to active duty in an enlisted status.[3] Plaintiff was placed on academic probation by NROTC in February 1973 and granted academic leave of absence from June 1973 until September 1974. In the spring of 1975, at the end of his junior year, plaintiff ranked at the bottom of his class in aptitude, and his suitability for commissioned service was questioned by his NROTC class adviser. In the summer of 1975 plaintiff served on a six-week cruise; his aptitude report in connection with the cruise stated that he was lacking in aptitude and concluded that he should not be recommended for commissioning. An Aptitude Review Board, composed of three officers from the Naval Unit and an associate professor of the faculty of Villanova University, convened on October 23, 1975 for the purpose of evaluating the plaintiff's performance and making recom-

---

1. Defendants have also moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1) on the ground that plaintiff has not exhausted his administrative remedies. Subsequent to the filing of defendants' motion, plaintiff has exhausted his administrative remedies. The Court will therefore discuss only the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

2. *See* Fed.R.Civ.P. 12(b).

3. Paragraph 1(b)(2) of the contract reads as follows:

   That in the event I fail to complete satisfactorily the requirements for commissioned grade . . . I may be ordered to active duty in an enlisted status by the Secretary of the Navy for a period not to exceed two years.

mendations concerning his further participation in the NROTC Program. The majority of the Board found that the plaintiff would be unable to perform at the level required of an Ensign and recommended that he be disenrolled for inaptitude on the ground that he was unable to handle the leadership responsibility of a commissioned naval officer.[4] The professor of naval science recommended disenrollment of the plaintiff on November 14, 1975, pursuant to CNETINST 1533.12A ¶ 213(n), which provides:

> (1) The professor of naval science shall recommend disenrollment of any NROTC student who has demonstrated a lack of officer aptitude as to make his further retention unjustified.
>
> (2) Inaptitude disenrollment recommendations are not limited to but may include any of the following:
>
> > (a) General lack of aptitude for commissioned naval service
> >
> > (b) Unsatisfactory leadership qualities
> >
> > (c) Unsatisfactory acceptance of responsibility
> >
> > (d) Failure to complete "own request" disenrollment.

The Chief of Naval Personnel on December 16, 1975 obtained authority from the Secretary of the Navy to disenroll the plaintiff effective December 23, 1975. In December 1976, plaintiff received orders to report for active duty as a Navy Seaman for two years. Pursuant to an agreement of the parties, the Court issued an order restraining defendants from placing plaintiff on active duty and stayed this litigation so that the plaintiff could pursue his administrative remedy by applying to the BCNR for correction of his naval records. In his application to the BCNR, the plaintiff contended that he had been activated to involuntary enlisted service without either statutory or regulatory authority under 10 U.S.C. § 2105 and Chief of Naval Education and Training Instruction 1533.12A (CNETINST 1533.12A). By letter dated March 16, 1979, the BCNR denied the plaintiff's application.

The issue raised by the parties in connection with the defendants' motion for summary judgment is whether the Secretary of the Navy had the authority to order the plaintiff to enlisted service.

The applicable statute is 10 U.S.C. § 2105, which provides in pertinent part:

> A member of the program . . . who does not complete the course of instruction, or who completes the course but declines to accept a commission when offered, may be ordered to active duty by the Secretary . . . to serve in his enlisted grade or rating for such period of time as the Secretary prescribes but not for more than two years.

▮ The plaintiff contends that he completed the course of instruction and that he did not decline to accept a commission. The defendants, on the other hand, contend that the plaintiff did not satisfactorily complete the course of instruction in that he was disenrolled for inaptitude. It seems clear that the term "complete" as used in 10 U.S.C. § 2105 means to "complete satisfactorily" and that the plaintiff's failure to satisfactorily complete his course of instruction, as evidenced by his disenrollment from the program, made him eligible to be ordered to active enlisted duty pursuant to 10 U.S.C. § 2105.[5] *Hickey v. Com-*

---

4. The majority of the Board further concluded as follows:

> [H]e has progressed slowly if at all . . . . Mr. McCourt's Naval Science instructors have observed that he has difficulty relating to other people; that he has difficulty in following directions; . . . and that while he has been able to memorize required information for Naval Science courses, he has had difficulty with problems requiring analytical abilities. Because of the nature of Mr.

McCourt's shortcomings . . . ., it is not believed that he could achieve the marked improvement needed . . . .

5. For instance, 10 U.S.C. § 2106(a) provides:

> (a) Upon *satisfactorily* completing the academic and military requirements of the program of advanced training, a member of the program who was selected for advanced training under section 2104 . . . may be appointed as a regular or reserve officer. (emphasis added).

mandant of Fourth Naval District, 461 F.Supp. 1085 (E.D.Pa.1978); Greenblatt v. Schlesinger, C.A. No. B–74–1204 (D.Md. Dec. 28, 1976), aff'd per curiam sub nom. Greenblatt v. Brown, 577 F.2d 734 (4th Cir. 1978). Although the issue of the Secretary of the Navy's statutory authority was not questioned in Hickey, supra, the court discussed the applicable Navy regulations on the ground that 10 U.S.C. §§ 2105, 2107(f) granted the discretionary authority to the Secretary to order a disenrolled NROTC student to active enlisted duty. In Greenblatt v. Schlesinger, which was affirmed by the Fourth Circuit on the basis of the opinion rendered by the district court, the issue presented was whether the decision to disenroll the plaintiff and order him to active enlisted duty was arbitrary or capricious. The district court concluded that the Navy acted within its statutory authority in having ordered to active duty an NROTC student disenrolled on the basis of a finding of inaptitude. It has been the customary practice of the Navy to order to active enlisted service disenrolled advanced NROTC college program students, as stated by the Chief of Naval Personnel in his request to the Secretary of the Navy for authority to call the plaintiff to active enlisted service. In that request, the Chief of Naval Personnel set forth his determination that "the circumstances of [plaintiff's] disenrollment recommendation do not warrant an exception to the . . . requirements for such [active enlisted] service."

As the court noted in Hickey, supra, it is the Navy's routine practice to call to active duty scholarship program students disenrolled in their third and fourth years. Our Third Circuit, in Nat'l Industrial Sand Ass'n v. Marshall, 601 F.2d 689 (3d Cir. 1979), recently commented on the great weight to be given to an interpretation of a statute by the officers or agency charged with its administration:

When faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration. "To sustain the Commission's application of this statutory term, we need not find that its construction is the only reasonable one, or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings." Unemployment Comm'n v. Aragon, 329 U.S. 143, 153, 67 S.Ct. 245, 91 L.Ed. 136.

Id. at 698 (quoting Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965)). Thus, we reject the plaintiff's contention that the Secretary of the Navy lacked statutory authority to order his involuntary enlistment and conclude that the Secretary had the authority pursuant to 10 U.S.C. § 2105 to order the plaintiff to active enlisted service following his disenrollment for inaptitude.[6]

■ Although in his complaint the plaintiff also alleges that the Navy violated his

---

**6.** In his application to the BCNR, the plaintiff contended that his call to active enlisted service violated CNETINST 1533.12A which, plaintiff contended, permits the involuntary call to active service of only students who refuse to accept their commissions or are determined to have wilfully violated their agreements. CNETINST 1533.12A ¶ 213(t). Because the plaintiff neither refused to accept a commission nor violated his agreement, he claimed that his order to active enlisted service violated this Navy regulation. Plaintiff did not mention this regulation in his complaint, in his answer to the motion to dismiss or in his memorandum opposing the motion to dismiss and may have abandoned his contention based on it. We note that the court in Hickey, supra, discussed and rejected a similar contention finding that the language of the regulation is at best ambiguous. Id., 461 F.Supp. at 1095. Where a mili-

tary regulation is susceptible to equally reasonable constructions, the court may not substitute an alternative interpretation for that of the service. See Keister v. Resor, 462 F.2d 471 (3d Cir.), cert. denied, 409 U.S. 894, 93 S.Ct. 116, 34 L.Ed.2d 151 (1972); Hickey, supra. Therefore, the Secretary of the Navy did not violate the Navy regulation referred to by the plaintiff in his application to the BCNR. We also note that paragraph 214(e) of CNETINST 1533.12A provides that "[d]isenrollment of NROTC Scholarship or College Program students in the advanced course requires determination of involuntary active enlisted service as permitted under Section 2105 or 2107, Title 10, United States Code," and that paragraph 214(f) vests the Secretary of the Navy with authority to make the final determination of involuntary enlisted service.

constitutional right to due process by denying him his right to counsel at his disenrollment hearing before the Aptitude Review Board and by not providing him with the right to appeal the decision of the Aptitude Review Board, the plaintiff in his answer to the motion to dismiss and in his memorandum opposing the motion to dismiss appears to have abandoned his allegations of lack of due process by the statement in his memorandum of law that "the basic issue is one of statutory construction. The issue in this matter is whether the defendants had the statutory authority to activate the plaintiff." Furthermore, it appears from the record before the Court that the plaintiff received all the process to which he was due. *See Wasson v. Trowbridge*, 382 F.2d 807, 812 (2d Cir. 1967); *Hickey, supra; Greenblatt v. Schlesinger, supra.*

Accordingly, an Order will be entered granting the defendants' motion for summary judgment.