**Paul M. KOLESA, Plaintiff,**

v.

**John F. LEHMAN, Jr., Secretary of the Navy, Defendant.**

**No. 81–CV–545.**

United States District Court,
N.D. New York.

Nov. 20, 1984.

John C. Scholl, Utica, N.Y., for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., Commander Donald M. Hill, Dept. of the Navy, Alexandria, Va., for defendant; Joseph A. Pavone, Asst. U.S. Atty., Syracuse, N.Y.

MEMORANDUM–DECISION
AND ORDER

McCURN, District Judge.

Plaintiff Paul M. Kolesa commenced this action in May of 1981, challenging an order of the Secretary of the Navy whereby Kolesa was disenrolled from the Naval Officers' Training Corps ("NROTC") program and directed to commence two years active duty in the Navy as an enlisted man. Presently before the court is the Secretary's motion for entry of final order of dismissal or in the alternative for summary judgment. For reasons set forth herein, the court grants summary judgment for the Secretary.

*Background*

The events that preceded Kolesa's commencement of this action are set forth in some detail in this court's prior decision, *Kolesa v. Lehman,* 534 F.Supp. 590, 591–93 (NDNY 1982). Familiarity with the court's prior decision is assumed. Summarized, in 1977 Kolesa executed an NROTC Scholarship Service Agreement in which he agreed to enlist in the Naval Reserve for a period of six years in exchange for a college education at the Navy's expense. As part of the agreement, Kolesa acknowledged that "if I fail to complete the four year course of instruction ... I may be ordered to active duty by the Secretary of the Navy to serve in an enlisted status for a period not to exceed four years." In addition, Kolesa executed a drug usage statement in which he denied ever having used either marijuana or other stimulants, and forswore "the abuse of drugs both now and in the future."

In September of 1980, during a pre-commissioning physical examination, Kolesa informed the examining doctor that he had tried marijuana, hashish, and an over-the-counter stimulant. These admissions were reported to NROTC authorities, and in December Kolesa received notice that a Board of Review would be convened "to investigate the alleged use of illegal drugs and recommend to the professor of Naval Science a proper course of action."

Allegedly acting upon the prior advice of Lt. Ballard, one of the Review Board members, Kolesa submitted a written statement to the Board in which he admitted having "tried" marijuana, but represented that "(t)his experimentation is now in my past...."

The Board of Review thereafter issued a decision in which it found that Kolesa had used illegal drugs, and that Kolesa had "acknowledged that he made a false statement while being processed for a scholarship during his sophomore year in that he indicated no prior use of illegal drugs." The Board then recommended that "based upon his use of illegal drugs and his marginal military performance that he be dis-enrolled from the NROTC Program and ordered to active duty upon completion of his degree in May of 1981." On February 27, 1981, the Secretary affirmed the Board's recommendation that Kolesa be disenrolled, and ordered him to report for two years active duty as an enlisted man, no later than May 31, 1981.

Kolesa then commenced this action and obtained a temporary restraining order, which has been continued by written consent of the parties. As stated in this court's prior decision, Kolesa's principal non-abandoned claims were that the Review Board hearing violated his right to procedural due process in that (1) the notice was inadequate because it did not inform him that his military performance and his 1978 drug use statement were at issue; (2) he was denied the right to have counsel represent him at the hearing; and (3) that Lt. Ballard improperly advised him before the hearing, yet continued to act both as witness and judge on the Review Board, thereby depriving plaintiff of the right to an impartial decision-maker.

Upon the Secretary's earlier motion to dismiss or for summary judgment, the court held, first, that "due process did not require that Kolesa be represented by counsel at the Board of Review hearing," 534 F.Supp. at 594, and granted judgment in favor of the defendant as to that claim. *Id.* at 595. Secondly, the court discussed certain principles pertaining to Kolesa's two remaining claims, but it refrained from deciding the Secretary's motion with respect to such claims. Instead the court directed the plaintiff to apply for review of the Secretary's decision in accordance with 32 C.F.R. § 723.1–11 before the Board for the Correction of Naval Records ("BCNR"). As the court explained:

It is the opinion of this Court that an airing of plaintiff's claims in a BCNR hearing will cure any constitutional deficiencies that may have attended his Board of Review hearing, will provide the Secretary with a useful, second look at an important decision, and will accord with the accepted judicial practice of

avoiding unnecessary resolution of constitutional issues.

534 F.Supp. at 595. The court did, however, retain jurisdiction over this case, and provide for the continued effectiveness of the stipulated restraining order.

Now represented by counsel, Kolesa applied for correction of his naval records and obtained a hearing before the BCNR. At the hearing, Kolesa stated that he had used marijuana or hashish only two or three times, and only once after entering college; that he did not report his prior marijuana use on the NROTC application papers because the relevant question inquired about "use" of the drugs, and he considered himself an "experimenter," not a "user." Plaintiff's Exhibit A.

In its decision, issued February 14, 1983, the BCNR stated the following conclusions:

A. The Board concluded that the review board which originally heard Petitioner's case was tainted by the actions of Lt. Ballard. The Board opined that it was improper for this individual to, in effect, act as Petitioner's counsel and then sit as a member of the review board convened specifically to hear Petitioner's case.

B. The Board further concluded, however, that adequate grounds for disenrollment existed. Petitioner, the Board opined, did use drugs on several occasions prior to and during his college years. It further appears to the Board that Petitioner should have used better judgment in answering the questions contained in NROTC application documents pertaining to drug usage.

C. The Board concluded that ordering Petitioner to active duty in an enlisted status would be unwise at this time. The Board noted, in this regard, that petitioner has admitted to past drug use. Considering the Navy's policy concerning drug abuse, it does not appear to be in the Navy's best interest to order an individual with an admitted history of drug use to active duty. The Board further opined that, even if Petitioner does not use drugs while serving in an enlisted status, he might well be an unmotivated individual, who would probably serve without distinction.

*Plaintiff's Exhibit* A.

Accordingly, the BCNR recommended "(t)hat Petitioner's naval record be corrected to show that the Secretary of the Navy approved the recommendation that Petitioner be disenrolled from the NROTC program ... but disapproved the recommendation that Petitioner be ordered to serve two years of active enlisted service." *Id.*

The Secretary, however, directed the BCNR to reconsider conclusions A and C of its report. Specifically, the BCNR was instructed to request Lt. Ballard to comment on the finding regarding the impropriety of his actions, and to "identify the specific error or injustice that occurred which formed the basis for the Board's conclusion C," i.e., the conclusion that ordering Kolesa to active duty "would be unwise." *Plaintiff's Exhibit* B.

After reviewing additional information submitted by Lt. Ballard, the BCNR issued a second decision on June 3, 1983. The decision recites that Lt. Ballard informed the Board "that he did not vote to disenroll Petitioner from NROTC program and that he dissented from the majority opinion which recommended that course of action." The Board, therefore, modified its conclusion A by opining that, although Ballard's appointment to the Review Board was unwise, his service "appears to have worked to Petitioner's advantage and hence constitutes harmless error." *Plaintiff's Exhibit* C.

However, with respect to its prior recommendation that Kolesa not be ordered to active service, the Board adhered to its view. Indeed, the Board supported its conclusion in a detailed statement wherein it observed, *inter alia*, that Kolesa's drug usage was "in the nature of infrequent episodes of experimentation," and that requiring him to perform active service would "be more in the nature of a punishment rather than enforcement of a contractual obligation." *Id.*

In a Memorandum dated July 8, 1983, the Secretary rejected the Board's recommendation that Kolesa not be ordered to active duty. The Memorandum, in its entirety, states:

> The board's recommendations that the subject petitioner's record be corrected to show that he was not ordered to serve two years active enlisted service but rather was honorably discharged on 17 December 1980, which includes the recommendation that orders issued in contemplation of his active duty be cancelled, are disapproved. The Board's conclusion that requiring the petitioner to perform active enlisted service is more in the nature of a punishment rather than enforcement of a contractual obligation is not supported by the record.
>
> The facts of this case do not distinguish it from others in which the individual concerned has accepted educational assistance and subsequently failed to qualify for a commission. Former Midshipman Kolesa has not proved that he has suffered either an error or an injustice of that the action of the Under Secretary in terminating his appointment as a midshipman and ordering him to two years active enlisted service was other than proper and appropriate under the circumstances of his case.

*Plaintiff's Exhibit* D.

Subsequently, the Secretary filed the instant motion for entry of final order of dismissal or in the alternative for summary judgment.

*Discussion*

■ Pursuant to 10 U.S.C. § 1552, the Secretary of the Navy, "acting through boards of civilians of the executive part of that military department, may correct any military record ... when he considers it necessary to correct an error or remove an injustice." Under applicable regulations, the BCNR, following a hearing, is required to make written findings, conclusions and recommendations, 22 CFR § 723.6, after which the Secretary "will consider the board's submission" and "will direct such action ... as he deems to be appropriate."

22 CFR § 723.7. The Secretary is, thus, authorized to overrule the Board's recommendations although "he must act on either explicitly stated policy reasons, or upon evidence presented in the record made to the Board." *Horn v. Schlesinger,* 514 F.2d 549, 553 (8th Cir.1975); *Weiss v. United States,* 408 F.2d 416, 418, 187 Ct.Cl. 1 (1969); *Nelson v. Miller,* 373 F.2d 474, 478 (3d Cir.) *cert. denied,* 387 U.S. 924, 87 S.Ct. 2042, 18 L.Ed.2d 980 (1967). That decision is then final and conclusive, unless upon judicial review it is found to be "arbitrary, capricious, in bad faith, unsupported by substantial evidence or contrary to applicable law or regulation." *Crispino. v. United States,* 3 Cl.Ct. 306, 312 (1983).

■ In his memorandum in opposition to the Secretary's motion, Kolesa argues, first, that it is arbitrary and capricious for the Secretary to require him to serve as an enlisted man because there is substantial evidence for the Board's findings that he had poor judgment, would be unmotivated, and would serve without distinction. Thus, Kolesa contends, not without irony, that the Board's findings demonstrate that the Navy is better off without his service as an enlisted man, and that there is no basis for the Secretary's rejection of those findings.

Accepting plaintiff's premise that there is substantial evidence for the Board's findings, the court still cannot conclude for that reason that the Secretary's rejection of the Board's recommendation is arbitrary and capricious. Kolesa's motivation or potential (or lack thereof) is not the Secretary's only concern. The active duty requirement enables the Navy to recoup to some extent the government's expenditure for the training and education of NROTC midshipmen. *See generally,* 1964 U.S.C.C. & A.M. 1764 et seq. (legislative history of Pub.L. 88–647, codified at 10 U.S.C. § 2107, which authorizes the Secretary's action). As the Court of Appeals for the Fourth Circuit recently stated in the course of discussing the active duty requirement, "It would be a great waste for the government to lose its investment in training what proved to be unsatisfactory midshipmen if

it could not put them in a lesser spot which they were capable of filling." *Wimmer v. Lehman*, 705 F.2d 1402, 1403, 1408 (4th Cir.1983). The Board did not find, and nothing in the record indicates that Kolesa is "incapable" of serving as an enlisted man.

For similar reasons, the court cannot accept Kolesa's argument that it is arbitrary and capricious to order "an admitted drug user, albeit an experimenter," to active duty. *Plaintiff's Memo* at 6. As the Secretary points out, the Naval Recruiting Manual permits the enlistment of "[a]n individual who has abused dangerous drugs over one (1) year ago," although it does not permit the enlistment of an individual who has been addicted or dependent on a drug, has been a "trafficer" [sic] of drugs, has abused narcotics within the past year or dangerous drugs within the past month. *Defendant's Exhibit* B at 1–I–12. The Secretary's assumption that Kolesa is eligible for enlistment under these standards is entirely consistent with the BCNR's conclusions of June 3, 1983:

> [T]he Board views Petitioner's usage as being more in the nature of experimentation, and the result of poor judgment and impulsive behavior. The Board can readily distinguish Petitioner's situation from the serious drug abuser whose use is far more regular and premeditated. The Board's perception of Petitioner as an infrequent and impulsive experimenter is supported by the action of the disenrollment board in recommending that Petitioner be ordered to active duty. It is clear that under current Navy policy, the serious or regular drug abuser's presence on active duty will not be tolerated regardless of his status as an officer or enlisted servicemember.

*Plaintiff's Exhibit* C.

Kolesa also contends that the Secretary's decision is arbitrary and capricious in that it rejects the Board's conclusion that the active service requirement would, as applied to Kolesa, "be more in the nature of punishment rather than enforcement of a contractual obligation." The court would readily agree that ordering Kolesa to active service is a disproportionately harsh consequence of his minor drug experimentation; it is not, however, "punitive" in any sense that enables this court to overturn the order. As the Board itself stated in its initial report, "[S]cholarship students who default or disenroll during their third or fourth year are ordinarily ordered to active duty in an enlisted status for a period of two years." *Plaintiff's Exhibit* A. Other courts have also recognized that "the Navy has followed a fairly consistent policy of imposing an active enlisted service obligation upon midshipmen disenrolled from the NROTC Scholarship Program in their third or fourth years." *Hickey v. Commandant of Fourth Naval District*, 461 F.Supp. 1085 (E.D.Pa.1978), *aff'd mem.*, 612 F.2d 572 (3d Cir.1979); *McCourt v. Culkin*, 473 F.Supp. 1247, 1250 (E.D.Pa.1979).

In rejecting the Board's recommendations, the Secretary concluded that "the facts of this case do not distinguish it from others in which the individual concerned has accepted educational assistance and subsequently failed to qualify for a commission." *Plaintiff's Exhibit* D. If this court had the power, it would substitute the Board's judgment for that of the Secretary and excuse Kolesa from the ordinary active duty requirement. However, the court's power is limited to determining whether that decision is arbitrary or capricious. In the final analysis, the Secretary's decision is not a clear error in judgment, lacking support in the record. Therefore, this court cannot set aside the Secretary's decision as "arbitrary or capricious." *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971).

■ Kolesa also advances two additional arguments that challenge the Secretary's action as violative of certain instructions promulgated by the Chief of Naval Education and Training. He maintains (1) that the Secretary failed to comply with CNETINST 1533.12A § 214(a), (f) by failing to obtain review of the enlisted service order by the Chief of Naval Personnel, or recom-

mendations for such order from the Chief of Naval Personnel and the professor of Naval Science; and (2) that the Secretary failed to comply with CNETINST 1553.12A § 213(q) by failing to make a determination that Kolesa "willfully" violated his agreement with the Navy.

These contentions could have been, but were not, raised before the BCNR. Since this case was already referred once to the BCNR for the exhaustion of administrative remedies, it is especially inappropriate for these claims of noncompliance with naval procedures to be considered for the first time here on review of the Secretary's action. As the court stated in *Doyle v. United States*, 220 Ct.Cl. 285, 599 F.2d 984, 1000–01 (1979):

> [A] party cannot raise an issue on appeal to a court when it failed to raise it before an administrative agency competent to hear it.... A party is not entitled to many independent chances to prevail, and his voluntary choice will often determine the extent of a court's review. Decision-making bodies normally have the power to correct their own errors, ... and the Correction Board is no exception....

*Cf. Bd. of Ed. of City School Dist. of City of NY v. Harris*, 622 F.2d 599 (2d Cir.), *cert. denied, Hufstadler v. Bd. of Ed.*, 449 U.S. 1124, 101 S.Ct. 940, 67 L.Ed.2d 110 (1980).

Accordingly, defendant's motion is granted, and the Clerk is directed to enter summary judgment for the defendant.

SO ORDERED.